UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------
UNITED STATES OF AMERICA

    -v-

JUAN DIAZ,

        Defendant.
------------------------------------

97-cr-257 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

    Before the Court is the motion of defendant Juan Diaz for compassionate release under 18 U.S.C. § 3582(c). On April 30, 2021, Diaz began serving a sentence of 57 months' imprisonment imposed by this Court on March 26, 1998 after the defendant pled guilty to one charge of illegal reentry. ECF 6. In the interim, Diaz served a sentence of 25 years to life for a conviction in New York State Court of one count of murder in the second degree, from which he was released on parole on April 30, 2021, exactly twenty-five years after his arrest.

    The Court assumes the parties' familiarity with their arguments and the factual and procedural background of this case. The Court has carefully considered the defendant's pro se application for compassionate release, the supplementary papers filed by the defendant's appointed counsel, the Government's opposition, the parties' presentations at oral argument, and the parties' supplemental briefing. For reasons set forth below, the Court denies Diaz's motion for compassionate release.

1

I.  **Legal Standard**

District courts are authorized to modify a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i). The standard requires the Court to "ask four questions: (1) has the defendant complied with the administrative exhaustion requirement, (2) has the defendant shown extraordinary and compelling reasons warranting a sentence reduction, (3) are the 18 U.S.C. § 3553(a) sentencing factors consistent with a lesser sentence than that previously imposed, and (4) is there a particular sentence reduction consistent with the § 3553(a) factors that is also warranted by extraordinary and compelling reasons." United States v. Garcia, 505 F. Supp. 3d 328, 331 (S.D.N.Y. 2020). In United States v. Brooker, the Second Circuit held that the compassionate release statute, as revised by the First Step Act, vests district courts with the discretion to determine what facts amount to "extraordinary and compelling reasons" justifying release, when (as now) the Sentencing Commission has issued no on-point regulation defining that phrase and the existing Guidelines "now apply[] only to those motions that the BOP has made." 976 F.3d 235 (2d Cir. 2020).

II. **Analysis**

The government does not dispute that Diaz has met the exhaustion requirement of Section 3582(c). ECF 15 at 4 n. 6. The Court therefore focuses its analysis on the second prong of the compassionate release standard, which is dispositive.

Diaz makes two main arguments that he contends together establish extraordinary and compelling reasons to grant his motion.[1] First, Diaz argues that the conditions of confinement in Bureau of Prisons ("BOP") facilities imposed to control the spread of the COVID-19 pandemic are more punitive than the Court envisioned when it sentenced Diaz. See ECF 14 at 6-10. But the Defendant relies on cases discussing pandemic conditions in early 2020 and, in particular, at the Metropolitan Detention Center Brooklyn. Id. These cases have reduced relevance, since Diaz did not enter BOP custody until April 2021, and he is no longer held at the Metropolitan Detention Center. See ECF 15 at 5 n. 9. The defendant also argues that further incarceration subjects him to fear of contracting COVID-19, an unnecessarily punitive result. ECF 14 at 9-10. But Diaz already contracted and recovered from COVID-19, and he was later vaccinated in May 2021, both of which reduce his risk of severe disease, even in light of COVID-19 variants. ECF 15 at

---

[1] Diaz's third argument -- that he might have been entitled to a sentencing benefit under the Department of Justice's so-called Fast Track relief program had it existed at the time of his conviction -- is not a basis to grant his motion. To start, the argument is not properly before the Court. Other than a one-sentence footnote flagging the issue, see ECF 14 at 1 n. 1, the argument is first meaningfully raised on reply. During a phone conference with the Court on November 4, 2021, the Government agreed to waive objection to this procedural issue provided that defense counsel emailed the substance of his argument to the Government within 24 hours. See ECF 15 at 3 n. 5. But since defense counsel never sent any such email, see id.; ECF 16 at 4, the argument is not properly presented for the first time on reply. In any event, the Government persuasively explained at argument that under the applicable guidance, Diaz would likely not have received any benefit from the Fast Track program had it existed at the time of his conviction because he was convicted of the violent crime of second degree murder.

3

5. While the Court is aware that the COVID-19 pandemic has made incarceration at this time more stressful than it would otherwise be, Diaz has not established that either his conditions of confinement or the ongoing risks posed by the COVID-19 pandemic amount to an extraordinary and compelling reason to reduce his sentence.

Second, Diaz argues that BOP has not given him credit for approximately one year of incarceration served in 1997 and 1998, when he was transferred from state to federal custody pursuant to a writ. See ECF 14 at 10-11. But the Government has determined, and the defense does not dispute, that Diaz received credit on his New York State sentence for the 12 months in question. See ECF 19 at 1-2; ECF 20. This is consistent with BOP's standard practice, see ECF 19 at 2, and Diaz does not explain why it is extraordinary and compelling that Diaz received credit only once for that time served.

The Court therefore determines that Diaz has not established the existence of any extraordinary and compelling reasons warranting reduction of his duly imposed sentence. The Court accordingly denies Diaz's motion.

SO ORDERED.

New York, NY
December 14, 2021

JED S. RAKOFF, U.S.D.J.